FILED
COURT OF APPEALS
DIVISION II

2014 AUG 12 PM 12: 48

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44712-6-II |
| Respondent, | |
| v. | |
| RAYNARD SANTOS CHARGUALAF, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury found Raynard Santos Chargualaf guilty of first degree burglary, first degree robbery, four counts of first degree kidnapping, and second degree unlawful possession of a firearm. While his appeal was pending, he filed a motion to compel his trial attorney to provide him with his client file and discovery. The trial court denied the motion and Chargualaf appeals. We reverse and remand to the trial court for further proceedings consistent with this opinion.

## FACTS

Chargualaf appealed his convictions for numerous felonies. While his appeal was pending, Chargualaf filed a motion to compel his trial attorney to provide him with "all discovery and case-related files." Clerk's Papers at 7. The trial court denied Chargualaf's motion because the files were not the trial attorney's property, and therefore, the trial court could not order the trial attorney to provide them. Chargualaf appeals the trial court's order denying his motion.

No. 44712-6-II

## ANALYSIS

This case involves Chargualaf's request for two different types of records: his client file and the discovery the State provided to his defense attorney. Chargualaf is entitled to his client file under RPC 1.16, subject to the limitations discussed below. And under CrR 4.7, Chargualaf is entitled to the discovery provided to his attorney; however, all discovery materials are subject to redactions approved by the prosecutor and the court.

### A. CLIENT FILE

Chargualaf argues that he is entitled to his client file under the Rules of Professional Conduct (RPC) governing the termination of representation. RPC 1.16(d) states,

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.[1]

In the Washington State Bar Association (WSBA)'s ethics advisory opinion interpreting RPC 1.16(d), the advisory rules of the professional conduct committee concluded, in relevant part,

> At the conclusion of a representation, unless there is an express agreement to the contrary, the file generated in the course of representation, with limited exceptions, must be turned over to the client at the client's request, and if the lawyer wishes to retain copies for the lawyer's use, the copies must be made at the lawyer's expense.

---

[1] The fact that Chargualaf's trial counsel was appointed is of no import. As comment 3 to RPC 6.2 states, "An appointed lawyer has the same obligations to the client as retained counsel, including the obligations of loyalty and confidentiality, and is subject to the same limitations on the client-lawyer relationship, such as the obligation to refrain from assisting the client in violation of the Rules."

2

*WSBA Ethics Advisory Opinion 181* at 2 (1987). Therefore, under RPC 1.16(d), Chargualaf is entitled to his client file. However, even the WSBA's ethics advisory opinion recognized that a client is not entitled to all documents in a client's file. As the WSBA's ethics advisory opinion explains, a lawyer may withhold certain papers or materials if it does not prejudice the client. "Examples of papers the withholding of which would not prejudice the client would be drafts of papers, duplicate copies, photocopies of research material, and lawyers' personal notes containing subjective impressions such as comments about identifiable persons." *WSBA Ethics Advisory Opinion 181* at 3. The ethics advisory opinion itself recognized that its opinion as written addresses primarily the rights of clients in civil cases with retained counsel.[2] In a criminal case, however, some documents and information in the client's file may also contain sensitive or confidential information that is simply not appropriate to be released to a criminal defendant for the same reasons that discovery must be redacted prior to disclosure pursuant to CrR 4.7 (discussed below). This is applicable whether criminal defense counsel is retained or appointed. Thus, while Chargualaf is entitled to his client file, Chargualaf's counsel must evaluate what documents or information in the file may be properly withheld without prejudicing the client, taking into consideration the restrictions (and spirit of the restrictions) under CrR 4.7. Accordingly, the trial court erred in summarily denying Chargualaf's request to have his trial counsel provide him his client file.

B. DISCOVERY

The disclosure of the discovery provided by the State in the course of the criminal prosecution is governed by the criminal rules, specifically CrR 4.7. CrR 4.7(h)(3) states,

---

[2] "The client, however, retains an absolute right, in civil cases at least, to terminate the lawyer at any time for any reason, or for no reason at all." *WSBA Ethics Advisory Opinion 181* at 1.

> Any materials furnished to an attorney pursuant to these rules shall remain in the exclusive custody of the attorney and be used only for the purposes of conducting the party's side of the case, unless otherwise agreed by the parties or ordered by the court, and shall be subject to such other terms and conditions as the parties may agree or the court may provide. Further, a defense attorney shall be permitted to provide a copy of the materials to the defendant after making appropriate redactions which are approved by the prosecuting authority or order of the court.

The trial court erred in concluding that Chargualaf's trial attorney could not provide him with copies of the discovery. Chargualaf's attorney can provide copies of the discovery material so long as the materials can be properly redacted and approved by the prosecutor or the trial court.

The trial court erred by summarily denying Chargualaf's motion to compel production of his client file and discovery. He is entitled to copies of his client file and discovery provided it is properly redacted and approved by the prosecuting attorney or the trial court.

We reverse the trial court and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE, J.

We concur:

MAXA, P.J.

MELNICK, J.

4